IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EVELYN HOPE HARWOOD
LIEBKE; MARY BUIE
HARWOOD; and R.H. FRITH                                           PLAINTIFFS
HARWOOD

v.                                                        CAUSE NO. 1:16cv137-LG-RHW

CHARLES McREYNOLDS; SMI,
INC.; TIDEWATER EXCHANGE
GROUP; EI REALTY CORP.;
JOHN McREYNOLDS; and JOHN
DOES 1-10                                                         DEFENDANTS

## ORDER GRANTING PLAINTIFF'S SECOND MOTION
## TO DISMISS FOR LACK OF JURISDICTION AND
## DENYING DEFENDANTS' REQUEST FOR COSTS

**BEFORE THE COURT** is the Second Motion to Dismiss for Lack of Jurisdiction [67] filed by the plaintiffs Evelyn Hope Harwood Liebke, Mary Buie Harwood, and R.H. Frith Harwood. The Motion has been fully briefed. The defendants request an order requiring the plaintiffs to pay the defendants' costs in the event that the Court grants the plaintiffs' Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the plaintiffs' Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 19(b), and the defendants' request for costs should be denied.

### BACKGROUND

The defendant Charles McReynolds organized the partnership Raintree Associates Limited in 1982 in order to purchase an apartment complex. The plaintiffs have owned limited partnership interests in Raintree since its formation.

The plaintiffs claim that Equity Management Associates, an entity in which McReynolds had a partnership interest, served as Raintree's general partner. In 2000, Equity Management Associates exchanged the apartment complex owned by Raintree for a CVS pharmacy in a 1031 exchange. *See* 26 U.S.C. § 1031. The plaintiffs allege that the general partner of Raintree was at some point changed to the defendant SMI, Inc., another entity in which McReynolds allegedly has an interest. In 2001, Raintree conveyed the CVS to Mitchell Montgomery, LLC[1], and Mitchell Montgomery leased the property to an entity called "Big B" before conveying the CVS pharmacy to Patriot Equity Partners in a 1031 exchange. The CVS pharmacy was exchanged for an IHOP restaurant in which McReynolds and his son allegedly held an interest. The plaintiffs claim that some of Raintree's limited partners received a distribution as a result of this series of transactions, but the plaintiffs did not receive a distribution in violation of the Raintree partnership agreement.

The plaintiffs originally sued Charles McReynolds, SMI, Tidewater Exchange Group, Mitchell Montgomery, EI Realty, and John McReynolds. On June 7, 2016, this Court entered an Order [13] requiring the plaintiffs to show cause why the case should not be dismissed for lack of jurisdiction due to the presence of a non-diverse defendant, Mitchell Montgomery. The plaintiffs then filed a Second Amended Complaint [16] that did not name Mitchell Montgomery as a defendant.

---

[1] Raintree Associates is the 99% owner of Mitchell Montgomery. (Ans. at 2, ECF No. 10).

The plaintiffs filed their first Motion [56] to Dismiss for Lack of Jurisdiction on July 27, 2017, alleging that they had determined during discovery that both Mitchell Montgomery and Raintree are necessary and indispensable parties to this action. It is undisputed that the presence of Mitchell Montgomery and Raintree in this lawsuit would destroy the Court's diversity jurisdiction. The Court denied the Motion without prejudice because the plaintiffs did not provide analysis of the factors relevant to a determination of whether these entities are necessary and indispensable. The plaintiffs have now filed a second Motion to Dismiss for Lack of Jurisdiction.

## DISCUSSION

### I. RULE 19 JOINDER

Courts conduct a two-step inquiry when determining whether to dismiss a case for failure to join an indispensable party. *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). The first step involves analysis of Fed. R Civ. P. 19(a)(1), which provides that:

> a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* (citing Fed. R. Civ. P. 19(a)(1)). If these factors are satisfied, but the necessary party cannot be joined without destroying subject matter jurisdiction, the court then

determines whether the party is indispensable by analyzing the following factors set forth in Fed. R. Civ. P. 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* at 629.

In the present case, the plaintiffs learned during discovery that Mitchell Montgomery was the entity that made distributions to some of Raintree's limited partners but not to plaintiffs. As a result, the plaintiffs claim that Mitchell Montgomery may be liable for the distributions that were not made to the plaintiffs.

If this Court determined that Mitchell Montgomery is liable for the alleged improper or inadequate distributions, the Court would not be able to provide complete relief to the plaintiffs. The plaintiffs — and potentially Mitchell Montgomery —would be prejudiced by such a finding. There is no indication that this prejudice could be lessened by including protective provisions in the judgment, shaping the relief, or other measures. The plaintiffs have an adequate remedy in the event of dismissal because they have filed a separate state court action that includes all of the interested parties. As a result, the Court finds that Mitchell

Montgomery is a necessary and indispensable party. Since the presence of this entity as a defendant would destroy jurisdiction, this lawsuit must be dismissed.[2]

## II. DEFENDANTS' REQUEST FOR COSTS

The defendants seek an award of costs pursuant to 28 U.S.C. 1919, which provides: "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." The Fifth Circuit has held that "[t]here is nothing in § 1919 . . . that requires such an award [of costs]: Orders under this statute are purely permissive." *Religious Tech. Ctr. v. Liebreich*, 98 F. App'x 979, 986-87 (5th Cir. 2004). Since the discovery conducted in the present case can be utilized in the plaintiffs' state court lawsuit, the defendants' request for just costs is denied. *See Karnes v. Fleming*, No. H-07-0620, 2009 WL 385458, at *2 (S.D. Tex. Feb. 17, 2009).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Second Motion to Dismiss for Lack of Jurisdiction [67] filed by the plaintiffs Evelyn Hope Harwood Liebke, Mary Buie Harwood, and R.H. Frith Harwood is **GRANTED**. This lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

---

[2] Contrary to the defendants' assertions, it is unnecessary to determine whether the plaintiffs' claims are direct claims or derivative claims in order to determine whether Mitchell Montgomery is a necessary and indispensable party. It is also unnecessary to reach a decision whether Raintree is a necessary and indispensable party, since Mitchell Montgomery's status as a necessary and indispensable party is sufficient to destroy the Court's jurisdiction.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the defendants' request for an award of costs pursuant to 28 U.S.C. § 1919 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2017.

                                       s/ *Louis Guirola, Jr.*
                                       LOUIS GUIROLA, JR.
                                       UNITED STATES DISTRICT JUDGE